1    third degree.  Under our law, a person is guilty of criminal

2    sexual act in the third degree when, being 21 years or more,

3    he engages oral sexual conduct with a person who is

4    incapable of consent for reason of being less than 17 years

5    old.

6              This is the same as the fourteenth count except a

7    different time period.  So in order for you to find the

8    defendant guilty of this crime, the People are required to

9    prove from all the evidence in the case each of the

10   following three elements:  One, that on or about January 1,

11   2008 and February 28, 2008 here in Queens County, the

12   defendant engaged in oral sexual conduct with Sana Awan; and

13   two, that the defendant was 21 year old or more at the time;

14   and three, that Sana Awan was incapable of consent because

15   she was less than 17 years old.

16             Therefore, if you find that the People have proven

17   beyond a reasonable doubt each of those elements, you must

18   find the defendant guilty of the crime of criminal sexual

19   act in the third degree as charged in the fifteenth count.

20             On the other hand, if you find that the People

21   have not proven beyond a reasonable doubt any one or more of

22   those elements, you must find the defendant not guilty of

23   the crime of criminal sexual act in the third degree as

24   charged in the fifteenth count.

25             The sixteenth count is assault in the third

1    degree.  Under our law, a person is guilty of assault in the

2    third degree when, with intent to cause physical injury to

3    another person, he causes such injury to that person.

4              Physical injury means impairment of physical

5    condition or substantial pain.

6              Intent means conscious objective or purpose.

7              Thus, a person acts with intent to cause physical

8    injury to another when that person's objective or purpose is

9    to cause physical injury to another.

10              So in order for you to find the defendant guilty

11    of this crime, the People are required to prove from all the

12    evidence in the beyond a reasonable doubt both of the

13    following two elements:  One, that on or about June 21, 2008

14    here in Queens County, the defendant caused physical injury

15    to Sana Awan; and two, that the defendant did so with the

16    intent to cause physical injury to Sana Awan.

17              Therefore, if you find that the People have proven

18    beyond a reasonable doubt both of those elements, you must

19    find the defendant guilty of the crime of assault in the

20    third degree as charged in the sixteenth count.

21              On the other hand, if you find the People have not

22    proven beyond a reasonable doubt either one or both of them,

23    you must find the defendant not guilty of the crime of

24    assault in the third degree as charged in the sixteenth

25    count.

1        Seventeenth and final count is endangering the

2   welfare of a child.  Under our law, a person is guilty of

3   endangering the welfare of a child when that person

4   knowingly acts in a matter manner likely to be injurious to

5   the physical, moral welfare of a child less than 17 years

6   old.

7        A person knowingly acts in a manner likely to be

8   injurious to the physical, mental or moral welfare of a

9   child when that person is aware he is acting in such manner.

10   To cause actual harm to the child need not result.

11        The defendant must act in a manner that is likely

12   to be injurious to the physical, mental or moral welfare of

13   a child, knowing of the likelihood of such injury.

14        Knowledge of the age of the child is not an

15   element of this crime, and it is not a defense to this

16   charge that the defendant did not know the age of the child

17   or believe the age of the child to be 17 years old or more.

18        In order for you to find the defendant guilty of

19   this crime, the People are required to prove from all the

20   evidence in the case beyond a reasonable doubt each of the

21   following three elements:  One, that on or about and between

22   June 24, 2006 and February 29, 2008 here in Queens County,

23   the defendant acted in a manner likely to be injurious to

24   the physical, mental or moral welfare of Sana Awan; two,

25   that the defendant did so knowingly; three, that Sana Awan

1    was less than 17 years old.

2              Therefore, if you find that the People have proven

3    beyond a reasonable doubt each of those elements, you must

4    find the defendant guilty of the crime of endangering the

5    welfare of a child as charged in the seventeenth and final

6    count.

7              On the other hand, if you find that the People

8    have not proven beyond a reasonable doubt any one or more of

9    those elements, you must find the defendant not guilty of

10   the crime of endangering the welfare of the child as charged

11   in the seventeenth and final count.

12             Members of the jury, every time you left this

13   courtroom, I told you you couldn't form an opinion.  The

14   time has come, you have now heard the entire case, you can

15   exchange your views.  I am sure you do not have to dwell

16   upon the part, the manner in which you share the sacred

17   responsibility.  When you go to the jury room to deliberate,

18   you may well find various opinions and conclusions among

19   yourselves as jurors.  You have a duty to consult with one

20   another and to deliberate with a view toward reaching an

21   agreement, if it can be done without violence to individual

22   judgment.  Make every effort to harmonize the various views

23   expressed by your fellow jurors and make every effort to

24   come to an agreement which would speak the truth as far as

25   the facts in this case are concerned.

1          You must not go into the jury room with a closed

2     mind and refuse to listen to the opinions of your fellow

3     jurors and decline to discuss the case with the rest of

4     them.  You should not close your minds so as to prejudice

5     the conclusions to be arrived at without at least listening

6     to the arguments advanced by your fellow jurors who, I am

7     sure, are just as much interested in coming to an honest

8     decision in this case as you are.

9          In other words, each of you must decide for

10    yourself but only after an impartial consideration of the

11    evidence with your fellow jurors for the purpose of

12    harmonizing your views and decisions in the interest of

13    justice and fair play with the views of your fellow jurors.

14         If your recollection of any testimony should fail

15    or if you should find yourselves in doubt as to the law that

16    I just read to you, you may request that it be read back to

17    you in a note.  Upon your request any exhibits received into

18    evidence will be furnished to you.

19         I ask that you apply your good, common sense and

20    good judgment to be impartial and fair in your judgment.  Do

21    not let sympathy or judgment interfere.  In analyzing the

22    testimony, you are to decide this case on the evidence and

23    under the law that I just gave you.  Your verdict in this

24    case must be unanimous, that is, all twelve of you must

25    agree.

1          Your verdict will be announced through your

2     foreperson, Kevin Lee Young, who is juror number one.  Any

3     requests that you have throughout the course of your

4     deliberations must be written down on a note and must be

5     signed by Kevin Lee Young, your foreperson.

6          To assist you in your final deliberations, I have

7     prepared a written list called a verdict sheet which will be

8     marked as Court Exhibit Number 2 which contains a list of

9     the specific counts of the indictment.  Verdict sheet

10    provides a column for your foreperson to record your verdict

11    as to each separate offense committed for your final

12    determination.  It will be either guilty or not guilty and

13    must be unanimous with respect to each count submitted in

14    accordance with my instructions in order to constitute a

15    verdict.

16          Counsel, approach the bench, please.

17          (Whereupon, a conference was held between all

18    counsel and the Court on the record at the side-bar.)

19          THE COURT:  I told you both to initial one of

20    those together.

21          MR. ROSENBLATT:  On the back, Judge?

22          THE COURT:  On the front right-hand corner.

23          Mark this Court Exhibit Number 2.

24          (Whereupon, the item referred to was marked for

25    evidence as Court's Exhibit 2 by the Court Reporter.)

1          (Whereupon, a discussion was held off the record.)

2          THE COURT:  What's your position on the verdict

3     sheet, Mr. Bandelli?

4          MR. BANDELLI:  It does not contain the date of one

5     of the charges, one of the counts but contains the date of

6     every one of the other counts, leaving open for the jury to

7     question when specifically the assault happened.

8          THE COURT:  All right.  The only reason that the

9     Court put dates in the other ones of the multiple counts of

10    sexual act in the first degree, in fact the first six counts

11    of multiple counts of sexual abuse in the first degree;

12    however, if you prefer that, we will redo the verdict sheet.

13         MR. BANDELLI:  Just add that thing.

14         THE COURT:  The date for assault in the third

15    degree.

16         Do you have any exception to the charge?

17         MR. ROSENBLATT:  No.

18         MR. BANDELLI:  That was good.

19         THE COURT:  Do you both consent to giving them

20    physical exhibits --

21         MR. BANDELLI:  Yes, absolutely.

22         THE COURT:  -- without the necessity of calling

23    you back to the courtroom?

24         MR. BANDELLI:  Definitely.

25         MR. ROSENBLATT:  Yes.

1              THE COURT:  Thank you.

2              (Whereupon, all parties returned from the sidebar

3        and the following took place:)

4              THE COURT:  All right, ladies and gentlemen.  You

5        may now start to deliberate on the case.  Please follow the

6        instruction of the court officer.

7              (Whereupon, the jury exited the courtroom and the

8        following occurred:)

9              THE COURT:  Please leave your cell phone numbers

10       with the clerk if we have you haven't already done so.

11             Jurors will be eating their lunch now.

12             MR. BANDELLI:  Do you separate the alternates from

13       the rest of the group?

14             THE COURT:  They are kept separate.

15             MR. BANDELLI:  I didn't hear you say that.

16             THE COURT:  They are kept separate.  They are kept

17       separate.

18             All right.  Please put the defendant back in.

19             (Whereupon, a recess was taken, after which the

20       following occurred.)

21             (Whereupon, the item referred to was marked for

22       evidence as Court's Exhibit 3 by the Court Reporter.)

23             THE OFFICER:  Court's Exhibit 3 marked and

24       received in evidence.

25             THE CLERK:  Case on trial.  All parties present,

gjn

1      your Honor.

2                  THE COURT:  We received a note from the jurors

3      which has been marked Court Exhibit Number 3.

4                  It reads:  The members of the jury have reached a

5      verdict.

6                  We will bring the jury in and take that verdict.

7                  (Whereupon, the jury entered the courtroom and

8      upon taking their respective seats, the following occurred:)

9                  THE CLERK:  Case on trial.  All parties present,

10     your Honor.

11                 Do both sides stipulate that all jurors are

12     present and properly seated?

13                 MR. ROSENBLATT:  Yes.

14                 MR. BANDELLI:  So stipulated, Judge.

15                 THE COURT:  All right, ladies and gentlemen.  I

16     received a note which has been signed by your foreperson and

17     it's been marked Court Exhibit Number 3 and it reads:  The

18     members of the jury have reached a verdict.

19                 The clerk will now take your verdict.

20                 THE CLERK:  Will the foreperson please rise?

21                 THE FOREPERSON:  (Complying.)

22                 THE CLERK:  Has the jury agreed upon a verdict?

23                 THE FOREPERSON:  Yes.

24                 THE CLERK:  Is that verdict unanimous in all

25     respects?

                                                          gjn

1               THE FOREPERSON:  Yes.

2               THE CLERK:  As to count number one, criminal

3       sexual act in the first degree, what is your verdict?

4               THE FOREPERSON:  Guilty.

5               THE CLERK:  As to count number two, criminal

6       sexual act in the first degree, what is your verdict?

7               THE FOREPERSON:  Guilty.

8               THE CLERK:  As to count number three, criminal

9       sexual act in the first degree, what is your verdict?

10              THE FOREPERSON:  Guilty.

11              THE CLERK:  As to count number four, criminal

12      sexual act in the first degree, what is your verdict?

13              THE FOREPERSON:  Guilty.

14              THE CLERK:  As to count five, criminal sexual act

15      in the first degree, what is your verdict?

16              THE FOREPERSON:  Guilty

17              THE CLERK:  As to count number six, criminal

18      sexual act if the first degree, what is your verdict?

19              THE FOREPERSON:  Guilty.

20              THE CLERK:  As to count number seven, sexual abuse

21      in the first degree, what is your verdict?

22              THE FOREPERSON:  Guilty.

23              THE CLERK:  As to count number eight, sexual abuse

24      in the first degree, what is your verdict?

25              THE FOREPERSON:  Guilty.

1          THE CLERK:  As to count number nine, sexual abuse

2    in the first degree, what is your verdict?

3          THE FOREPERSON:  Guilty.

4          THE CLERK:  As to count number ten, sexual abuse

5    in the first degree, what is your verdict?

6          THE FOREPERSON:  Guilty.

7          THE CLERK:  As to count number eleven, sexual

8    abuse in the first degree, what is your verdict?

9          THE FOREPERSON:  Guilty.

10         THE CLERK:  As to count number twelve, sexual

11   abuse in the first degree, what is your verdict?

12         THE FOREPERSON:  Guilty.

13         THE CLERK:  As to count number thirteen, sexual

14   criminal sexual act in the second degree, what is your

15   verdict?

16         THE FOREPERSON:  Guilty.

17         THE CLERK:  As to count number fourteen, criminal

18   sexual act in the third degree what is your vert verdict?

19         THE FOREPERSON:  Guilty.

20         THE CLERK:  As to count number fifteen, criminal

21   sexual act in the third degree, what is your verdict?

22         THE FOREPERSON:  Guilty.

23         THE CLERK:  As to count number sixteen, assault in

24   the third degree, what is your verdict?

25         THE FOREPERSON:  Guilty.

1              THE CLERK:  As to count number seventeen,

2     endangering the welfare of a child, what is your verdict?

3              THE FOREPERSON:  Guilty.

4              THE CLERK:  You can be seated.

5         Jurors, hear your verdict as it stands, recorded,

6     you say you found the defendant guilty of count one,

7     criminal sexual act in the first degree; guilty of count

8     two, criminal sexual act in the first degree; guilty of

9     count three, criminal sexual act in the first degree; guilty

10    of count four, criminal sexual act in the first degree;

11    guilty of count five, criminal sexual act in the first

12    degree; guilty of count six, criminal sexual act in the

13    first degree; guilty of count seven, sexual abuse in the

14    first degree; guilty of count eight, sexual abuse in the

15    first degree; guilty of count nine, sexual abuse in the

16    first degree; guilty of count ten, sexual abuse in the first

17    degree; guilty of count eleven, sexual abuse in the first

18    degree; guilty of count twelve, sexual abuse in the first

19    degree; guilty of count thirteen, criminal sexual act in the

20    second degree; guilty of count fourteen, criminal sexual act

21    in the third degree; guilty of count fifteen, criminal

22    sexual act in the third degree; guilty of count sixteen,

23    assault in the third degree; and guilty of count seventeen,

24    endangering the welfare of a child.

25              Is that your verdict?

1                     THE FOREPERSON:  Yes.

2                     THE COURT:  Would either side like the jury

3        polled?

4                     MR. BANDELLI:  Yes.

5                     THE CLERK:  Jurors, please answer the following

6        question:  The verdict announced by your foreperson is your

7        verdict in all respects.

8                     Juror number one, is that your verdict?

9                     THE FOREPERSON:  Yes.

10                    THE CLERK:  Juror number two, is that your

11       verdict?

12                    JUROR NUMBER TWO:  Yes.

13                    THE CLERK:  Juror number three, is that your

14       verdict?

15                    JUROR NUMBER THREE:  Yes.

16                    THE CLERK:  Juror number four, is that your

17       verdict?

18                    JUROR NUMBER FOUR:  Yes.

19                    THE CLERK:  Juror number five, is that your

20       verdict?

21                    JUROR NUMBER FIVE:  Yes.

22                    THE CLERK:  Juror number six, is that your

23       verdict?

24                    JUROR NUMBER SIX:  Yes.

25                    THE CLERK:  Juror number seven, is that your

1          verdict?

2                    JUROR NUMBER SEVEN:   Yes.

3                    THE CLERK:   Juror number eight, is that your

4          verdict?

5                    JUROR NUMBER EIGHT:   Yes.

6                    THE CLERK:   Juror number nine, is that your

7          verdict?

8                    JUROR NUMBER NINE:   Yes.

9                    THE CLERK:   Juror number ten, is that your

10         verdict?

11                   JUROR NUMBER TEN:   Yes.

12                   THE CLERK:   Juror number eleven, is that your

13         verdict?

14                   JUROR NUMBER ELEVEN:   Yes.

15                   THE CLERK:   Juror number twelve, is that your

16         verdict?

17                   JUROR NUMBER TWELVE:   Yes.

18                   THE CLERK:   Your Honor, the jurors individually

19         confirmed the verdict.

20                   THE COURT:   All right, ladies and gentlemen, I

21         want to thank you on behalf of both sides and the criminal

22         justice system here in Queens County.   I know we take you

23         away from your jobs and your lives for a two-week period

24         every so often and it's an inconvenience to you, but you are

25         an essential part of the criminal justice system here in our

1       county.  Without you coming in here, we wouldn't hold these

2       jury trials, obviously.

3               So I want to thank you for your time and patience.

4       And every time you left the courtroom I told you you could

5       not speak to anyone about the case.  That ban is now lifted.

6       You can speak to anybody you want to about the case or you

7       don't have to speak to people about it, it's all up to you

8       now.  Do you understand that the ban has been lifted?

9               And as I said, I want to thank you and wish you

10      well and court officer will now take you back to the room.

11      Thank you very much.

12              (Whereupon, the jury exited the courtroom and the

13      following occurred:)

14              THE COURT:  August 11th for sentence; is that a

15      good date?

16              MR. BANDELLI:  It's actually not, Judge, I'm not

17      going to be around.

18              THE COURT:  When are you coming back?

19              MR. BANDELLI:  Towards the ends of August, the

20      last week.

21              THE COURT:  September 1st a good date?

22              Has to be a Wednesday.

23              MR. BANDELLI:  Can we do the 8th, Judge?

24              THE COURT:  September 8th for sentence.

25              Defendant is remanded.

1          MR. ROSENBLATT:  I will do an order to produce for

2     that date, Judge.

3

4          (The trial was adjourned to September 8, 2010,

5     930 A.M.)

6

7

8                    *         *         *

9                CERTIFIED THAT THE FOREGOING
              IS A TRUE AND ACCURATE TRANSCRIPT
10                OF THE ORIGINAL STENOGRAPHIC
                  MINUTES IN THIS CASE.
11

12

13

14          GAIL J. NEUFELD, RPR
              Senior Court Reporter

15

16

17          SHERYL FITZPATRICK
              Senior Court Reporter

18

19

20          JOHN CARDILLO
              Senior Court Reporter

21

22

23

24

25

1

<u>I</u> - <u>N</u> - <u>D</u> - <u>E</u> - <u>X</u>

2

3

|  | <u>Direct</u> | <u>Cross</u> | <u>Redirect</u> | <u>Recross</u> |
|---|---|---|---|---|
| <u>FOR THE PEOPLE</u>: | | | | |
| DET. LENNARD SHULMAN | 328 | 371 | | |
| ADA BRIAN HUGHES | 686 | 695 | | |
| SANA AWAN | 467 | 524 | | |
| CELICA ALFARO HARBUS | 557 | 573 | 599 | 601 |
| CHRISTINE ALIOTO | 603 | 613 | | |
| DENISE ALIOTO | 619 | 629 | 645 | |
| DR. DON LEWITES | 651 | 667 | | |
| | | | | |
| <u>FOR THE DEFENDANT</u>: | | | | |
| MERLIN ALI-GOPAUL | 719 | 743 | 784 | |
| HAROLD GOPAUL | 806 | 840 | | |

| <u>SUMMATIONS</u> | <u>PAGE</u> |
|---|---|
| Defendant | 898 |
| People | 921 |

| JUDGE'S JURY CHARGE | 952 |

gjn

```
 1                        E X H I B I T S

 2      No. Description                    Id.         In Evid.

 3      FOR THE PEOPLE:

 4      1     Miranda form                339            341

 5      2     Consent to search home      346            347

 6      3     Consent to search vehicle   350            352

 7      4-A/B  Two-page statement         355            358

 8      5     Statement                   362            363

 9      6     Q & A                       368            370

10      7     Knife                       474            567

11      8     Vibrator                    501            571

12      9     Picture of van              504            506

13      10    DVD                         692            694

14

15      FOR THE DEFENDANT:

16      A     Online booking sheet        585

17

18      FOR THE COURT:

19      1     Antommarchi

20      2     Verdict sheet                              990

21      3     Jury note                                  992

22

23

24

25
```

gjn

CA# 132-10

1

1      SUPREME COURT OF THE STATE OF NEW YORK

2      COUNTY OF QUEENS:  CRIMINAL TERM, PART TAP D
       -----------------------------------------X
3      THE PEOPLE OF THE STATE OF NEW YORK,    Indictment No.

4                      -against-               2065-2008

5                                              Sentence
       HAROLD GOPAUL,
6
                            Defendant.
7      -----------------------------------------X

8                                    September 8, 2010

9                                    125-01 Queens Boulevard

10                                   Kew Gardens, New York  11415

11

12     B E F O R E :
                GREGORY L. LASAK,
13                                   Justice, Supreme Court

14

15     A P P E A R A N C E S :

16

17     For the People:

18          THE HONORABLE RICHARD A. BROWN,
            District Attorney, Queens County,
19          BY: JARED ROSENBLATT, ESQ.
            Assistant District Attorney

20

21

22     For the Defendant:

23          STANFORD BANDELLI, ESQ.

24                                   MINDY S. ELGARTEN
                                     Official Court Reporter
25

                                     mse

Proceedings                                    2

1          COURT CLERK:  Calendar number 9, on for

2     sentence, Harold Gopaul.

3               (Defendant enters courtroom.)

4          COURT CLERK:  Let the record reflect

5     defendant Gopaul is now before the Court.

6               Counsel, your appearances, please.

7          MR. ROSENBLATT:  For the People Assistant

8     District Attorney Jared Rosenblatt.

9               Good morning, your Honor.

10         MR. BANDELLI:  Stanford Bandelli on behalf

11    of Harold Gopaul.

12              Good morning, Judge Lasak.

13         THE COURT:  Is your client ready for

14    sentencing, Mr. Bandelli?

15         MR. BANDELLI:  One moment, Judge.  I just

16    got the presentence report.

17              (Whereupon, the attorney and defendant

18    confer.)

19         THE COURT:  Mr. Bandanna, you want another

20    call on this?

21         MR. BANDELLI:  Can you give me another 30 --

22    I just got the presentence report.

23         THE COURT:  You want another call?

24         MR. BANDELLI:  Please.

25         THE COURT:  Second call.

Proceedings                                    3

1              MR. BANDELLI:  I apologize.

2              (Case set aside; later recalled.)

3                    *       *       *

4              COURT CLERK:  Recall on number 9, Harold

5      Gopaul.

6              (Defendant enters courtroom.)

7              COURT CLERK:  Let the record reflect

8      defendant Gopaul is now before the Court.

9              MR. BANDELLI:  Again, Stanford Bandelli on

10     behalf of Harold Gopaul.

11             Good afternoon, Judge Lasak.

12             I had the opportunity to go through the plea

13     pleading investigation.  I thank you for the

14     additional time you gave.

15             THE COURT:  Is your client now ready for

16     sentencing?

17             MR. BANDELLI:  Yes.

18             THE COURT:  You want to move to sentence,

19     Mr. DA?

20             MR. ROSENBLATT:  Yes, your Honor.  On behalf

21     of the People of the State of New York I move

22     Indictment 2065 of 2008, People versus Harold Gopaul

23     to sentence.

24             THE COURT:  Mr. DA, is there any victim

25     impact statement?

1          MR. ROSENBLATT:  No, Judge.  The victim in

2     this case, Sana is present in the courtroom.  She did

3     not wish to address the Court.  But I did wish to

4     address the Court in regards to a few things with the

5     Court's permission.

6          I submitted a letter to both your Honor and

7     Mr. Bandelli in regards to the sentence, but I would

8     just note a few additional things.

9          Since this case began in 2005 this case

10    pretty much boils down to a be trial by the defendant

11    of his father/daughter like relationship to Sana who

12    began a father/daughter like relationship at an

13    extremely young age with the defendant and her mother.

14         The defendant's acts in regards to what he

15    was convicted of are purely selfish in nature.  The

16    defendant confessed both in writing and video and his

17    selfish acts continued in Nassau County which required

18    Sana to testify at trial in Nassau County where the

19    defendant was convicted and sentenced to 12 years.  I

20    just note the error in the presentence report which

21    dates a time less than that.  But the selfish acts

22    continued by the defendant, Judge, because in this

23    case after he was convicted the defendant was offered

24    a plea to run concurrent in order for Sana to not be

25    required to testify again against the defendant.  But

1      he did not avail himself to that offer.

2              And the selfish acts didn't end there.  They

3      continued when he had his wife, the mother of Sana,

4      testify before this Court, and she testified that in

5      fact back in 2008 when this case began that the

6      defendant called her from central booking and she

7      asked him why he did this and the defendant told her

8      because he was sick.  That's why he did it.

9              And, your Honor, that couldn't be more true

10     in describing this defendant and his acts.  He is

11     sick.  He is sick for the selfish acts he committed on

12     his stepdaughter.  He is sick for the selfish acts he

13     did with regards to this trial requiring her to

14     testify.  He is sick in regards to the testimony that

15     he provided this Court, and he deserves no mercy.

16             He has taken from Sana her two siblings

17     which she has no contact with.  He has taken away

18     family members which he turned against her from the

19     beginning of this case.  And she will not forget the

20     abuse she suffered over the course of three years as a

21     result of this defendant.  And she won't forget the

22     fact that she had to testify twice convicting him both

23     times by two different juries in two different

24     counties.

25             I would just ask your Honor to impose a

1      sentence to this defendant to send a message that the

2      criminal justice system will not tolerate selfish

3      sexual acts like this that this defendant began.

4              And I hope that when he continues his

5      sentence in Nassau County and they sentence in this

6      case, which I would ask to run consecutive, that her

7      testimony in both cases lingers in his ears.  I hope

8      he hears the words she uttered from the witness stand

9      in both counties, what I hope to be the rest of his

10     life in jail, that his selfish acts where he now sits.

11              THE COURT:  Thank you, Mr. DA.

12              Mr. Bandelli?

13              MR. BANDELLI:  Thank you, Judge.

14              Your Honor, there are several things I need

15     to put on the record, Judge, because of; the fact I

16     think the Court should consider in imposing sentence.

17              With regards to the correspondence or

18     presentence memorandum which ADA Rosenblatt referred

19     to I just received that today and I know that the

20     statute, the CPL, I think it's section 390.40 requires

21     the prosecutor to serve it on me at least ten days

22     prior to sentencing which means that it really should

23     not be a factor at this point.  It should be

24     discounted by the Court because he has not complied

25     with the statute.

1          That being said there's also one particular

2     line in the second page of this that I take issue with

3     and it is something I took issue with at trial and I

4     objected to.

5          In the second paragraph, the second sentence

6     the DA says Sana's mother chose the defendant over her

7     own flesh and blood after the defendant admitted not

8     only to the police, and this is the key part, but to

9     her that he molested Sana.  I object very strongly to

10    that being in this letter.  I object very strongly at

11    the trial on the basis, first of all, that was

12    improper cross-examination of Miss  Gopaul and also

13    that was not what was reflected on the tape recorder.

14    That being said --

15          THE COURT:  The sentence that this court

16    will impose is not taking that phrase or that sentence

17    in that paragraph into consideration at all.

18          MR. BANDELLI:  Thank you Judge.

19          That was just handed to me and I thought

20    that needed to be on the record.

21          In terms of sentencing factors, you know,

22    when you look at the CPL I have read any number of

23    times, one of the things that is credible is

24    determining who the person is beyond the crimes that

25    he committed and Mr.  Gopaul who's 53 years old right

1    now -- 52, 52 years old, essentially has no criminal

2    history outside the session of this case, was a

3    hard-working man in the extermination business -- was

4    supporting a family, you know, basically had a high

5    school education -- he built himself up from scratch.

6    He was able to provide for his family.  He has two

7    other children, a wife and family that has been here

8    throughout the case so we're not talking about

9    somebody who is over the course of his life not been a

10   productive member of society and he has not placed his

11   interest above society in a broader context.

12        The man is more than the charges that this

13   trial was about, and his sister is sitting in the

14   courtroom in the second row here today.  One of the

15   things that strikes me about this case in particular

16   and it struck me from the beginning is the amount of

17   devastation that has been suffered by the entire

18   family including Sana, including Carmen, including

19   brothers, including other children, including the mom

20   as a result of whatever had happened between my client

21   and his daughter and what the jury in Nassau and the

22   jury in Queens ultimately rendered a verdict on, that

23   this family has been ripped apart at the seams.  She's

24   no longer part of the family.  His younger children

25   may never see him again.  The mother is being forced

1      now to raise the children on their own.  And I

2      understand the response to that is, well,

3      Mr. Bandelli, your client created that situation.  If

4      not for the actions of your client it didn't have to

5      be like that.  And while I understand that argument

6      the point I'm making is that there's a sentence here

7      that permits the family to heal at a certain point; in

8      other words, it doesn't have to be a sentence which

9      sort of insures that this man never has a relationship

10     with his other children, that this man never be able

11     to see his other children.

12             There's a punishment that can be imposed

13     that says, you know, the CPL that says the criminal

14     justice system which doesn't basically cause him to

15     end his life in jail.  In Nassau they had given him 12

16     years.  I would note in the victim impact statement --

17     and Sana was interviewed, she is here right now and

18     she can say if this is correct -- it says that the

19     victim would be satisfied if the defendant received a

20     sentence that he had previously received and is

21     currently serving and should be kept away from her.

22     So it doesn't seem like she wants to see him die in

23     jail either.  She seems to understand that 12 years is

24     a significant jail period and she is not putting

25     additional pressure on the prosecutor or the Court to

1       basically put this plan away for life.  Twelve years

2       is a long time.  And the reality is they had offered

3       him a concurrent sentence of five years.  And, you

4       know, I would hate that people would not -- not

5       exercise their right to go to trial just because now

6       you're going to get punished ten times greater than

7       you would have been punished had you not gone to trial

8       because the facts are still the same.  Whatever the DA

9       said about my client, whatever selfishness he has is

10      not because he had the trial he was selfish.  It was

11      there before.  And somehow even though he was

12      convicted in Nassau is okay.  I know your Honor is not

13      going to give him five years concurrent.  These are

14      factors in determining what the appropriate sentence

15      is.

16              THE COURT:  I believe the big factor in the

17      plea offer was the fact it would save Sana the trauma

18      of testifying in an open public courtroom again about

19      these matters after having already testified similarly

20      out in Nassau County.

21              MR. BANDELLI:  Well, certainly that was an

22      issue, right.  I agree with having her have to revisit

23      coming back here and dealing with that again.  I

24      understand that's something you are going to consider

25      in terms of what the sentence is.  Does that mean he

1    should do 20 years in jail because she came back in

2    here and testified a second time?

3          THE COURT:  So the record is complete, as

4    far as that offer before trial the Court was not going

5    along with that offer before trial, you know that.

6          MR. BANDELLI:  Judge, you had made it very

7    clear you weren't somebody who was of the mindset of

8    concurrent time, but we had been before Judge Kron and

9    Judge Buchter and they were of the mindset that would

10   be something acceptable.  I recognize your position

11   was not the same as theirs but that was their position

12   of going forward, and I accept what you're saying at

13   this point.  My point is, again, as a former

14   prosecutor, somebody who's been doing this in serious

15   cases with violent felonies with people who deserve to

16   spend their life in jail, about people who deserve to

17   get 25 years, I know there are people who have done

18   much more serious things than my client and are not

19   sentenced to the amount of time my client is currently

20   exposed to.  Okay.

21          And the reality is as important as what came

22   out of the witness box he was convicted by virtue of a

23   jury's verdict of the DA presenting the case, but the

24   amount of exposure is off the charts.  Does that mean

25   just because it's off the charts and he was found

1    guilty because you have the power basically to give

2    him a life sentence, that should not happen in light

3    of the fact she is not looking for him to get

4    additional time.

5          Outside of this matter going to trial this

6    guy has led an exemplary life outside he's been a

7    working man.  He's been a family man.  And he's done

8    certain things.  I am not diminishing what the jury

9    has said.  I am pointing out other things.  I think

10   there's a sentence that is more reasonable than maxing

11   him out because he can be maxed out on this.

12         I do have a notice of appeal prepared.  I'm

13   turning it over to the DA.  The DA will execute it and

14   date it and it will be accepted after you execute

15   sentence.  I just want that to be on the record.

16         I have not filed a 30.30 motion.  I never

17   intended to file a 30.30 motion because it is my

18   position that issues are pending are better served

19   through the appellate process than through a 30.30

20   motion.

21         I ask your Honor to consider all the

22   arguments that I have made.  I have a great amount of

23   respect for you, Judge Lasak, I think there's a

24   sentence that's reasonable here, a sentence that says

25   this isn't okay and sort of validates you know what

1    this woman went through and she seems to be okay with

2    it.

3            Unless, you know, the DA is going to say

4    something different I, don't know, I am just relying

5    on what I seen in the presentence report.  He's going

6    to be 65 years old before he comes out.  You go

7    another ten years this guy is probably going to die in

8    jail, so I don't believe that this case justifies that

9    type of punishment and I will -- I've had my say.

10            THE COURT:  Thank you, Mr. Bandelli.

11            Mr. Gopaul, do you have anything you want to

12   say to me before I sentence you?

13            THE DEFENDANT:  Yes.  Yes, your Honor.

14            THE COURT:  You want to uncuff the defendant

15   please so he can hold that piece of paper?

16            MR. BANDELLI:  Thank you, Judge.

17            THE DEFENDANT:  Thank you, your Honor.  Good

18   morning, your Honor.  I would like to take into

19   consideration before my sentencing that I'm a good

20   father and a good husband.  Since my arrest in 2008 I

21   deny all the offers that they offered me.  I was

22   offered probation and three and a half years

23   concurrent.  I refused that in Queens and Nassau

24   because I maintain my innocence.  I request leniency

25   in this Court and that sentence imposed run

                              mse

1    concurrent.

2            I would like to put on the record that my

3    family leave me and I had through the trial a lot of

4    witnesses that came to testify which may have had a

5    different outcome in the trial.  I think this was

6    harmless error. I'm just asking the Court to be

7    lenient and do the best for me.  I'm already doing a

8    lot of time already.  Thank you, your Honor.

9            THE COURT:  Mr. Gopaul, I never know what I

10   intend to impose as a sentence until I hear from the

11   person who's been convicted by a jury as you have

12   been.  You just mentioned something about witnesses

13   and harmless error.  That doesn't impress the Court in

14   terms of effecting any sentence.

15           This incident -- these incidents were with

16   your stepdaughter Sana and you raised her with your

17   wife since she was three years old.

18           You have every right to maintain your

19   innocence but a jury of your peers here in Queens

20   County heard all the evidence and convicted you of all

21   17 counts.

22           A jury of your peers out in Nassau County

23   also heard all the evidence out there and convicted

24   you of how many counts they did out there.  And any

25   sentence I give you is not taking into consideration

1    that sentence out there or what happened at that

2    trial.  The only reason I bring that up was I saw a

3    videotape made by the District Attorney in which you

4    confessed to certain aspects of the crimes to which

5    you were charged with.  And that confession I found to

6    be voluntarily made by you and the jury found that

7    confession to be voluntarily made so.

8         I know you have an appeal and anything you

9    say here will not effect that appeal but you may think

10   it will, and you have every right to maintain what you

11   claim to be your innocence.

12        You were presumed to be innocent before both

13   of these trials and both juries found the evidence

14   overwhelming and convicted you.  As I said, I watched

15   that video statement that you made that you confessed.

16        The first step for you to is to get on with

17   your life, to own up to your responsibilities of what

18   you did.

19        You had a responsibility to Sana as your

20   stepdaughter to help raise her with your wife and

21   there was a sacred trust there.  And the evidence in

22   this trial indicated overwhelmingly that you violated

23   the sacred trust and you left her scarred for the rest

24   of her life.  The first step getting on with your

25   life, as I said, is to take responsibility.

mse

1          Do you have anything you want to say to Sana

2     or do you still want to maintain your innocence in

3     this case along those lines which will affect my

4     decision in this case somewhat.

5               (Whereupon, the defendant and attorney

6     confer.)

7               THE COURT:  While you are talking with your

8     lawyer, Mr. DA is there anything you want to say?

9               MR. ROSENBLATT:  I would just echo what your

10    Honor is mentioning now, and, that is, through the

11    entirety of this proceeding the defendant has never

12    apologized to Sana.  He's never offered any remorse to

13    Sana and he's done nothing in regards to offering any

14    of his condolences for what he put her through.  I

15    would just echo your Honor's opinions in regards to

16    that.

17              (Whereupon, the defendant and lawyer

18    confer.)

19              THE COURT:  Mr. Gopaul -- let me interrupt

20    you for a second.  Mr. Gopaul, I was just stating that

21    because I watched the videotaped statement and you

22    seem to have voluntarily without any coercion on

23    anyone's part made admissions to certain crimes

24    charged here, and I don't want to make you feel like

25    you have to do anything here you don't wish to do, you

1    don't have to say anything here and maintain your

2    innocence here.

3              I don't want to put any pressure on you.  I

4    just thought as a father you may have something you

5    want to say to your stepdaughter about this.  And

6    you're free not to.  It's your decision.  Do you want

7    to talk to your client?

8              MR. BANDELLI:  The only thing, Judge, just

9    in terms of my own thing, I've never felt that

10   statement was voluntary, so just note that.

11             THE COURT:  That's fine.

12             MR. BANDELLI:  I just want that to be on the

13   record.  It's been my position all along it was a

14   coerced statement.

15             THE COURT:  That's fine.

16             MR. BANDELLI:  Essentially I can tell he's

17   sorry that she went through what she's gone through

18   and that the whole family has been subjected to that.

19             THE COURT:  Mr. Bandelli, please don't

20   insult the Court.  I don't like it when an attorney

21   says a defendant says.  That type of apology is

22   meaningless.

23             MR. BANDELLI:  I understand.

24             (Whereupon, the defendant and attorney

25   confer.)

1          THE DEFENDANT:  I have nothing to say, your

2     Honor.

3               (Whereupon, the defendant and attorney

4     confer.)

5          THE COURT:  All right.  As I stated before--

6          MR. ROSENBLATT:  Judge, if I can just have a

7     brief moment please with the Court's permission.

8          Judge, with the Court's permission Sana

9     wishes to address the comments made by Mr. Bandelli.

10    He specifically called on her to respond to what he

11    was saying.

12         MR. BANDELLI:  I didn't call on her.

13         THE COURT:  You did.  You asked for a

14    response.

15         MR. ROSENBLATT:  If the Court doesn't --

16         THE COURT:  I'll entertain anything you have

17    to say.  Just state your name again, Sana.

18         MS. ANAN:  Sana Anan.  I just want to say I

19    choose not to speak.  I thought there was nothing

20    necessary to add to what's already been said.  But I

21    would like to say 12 years was sufficient.  But I'll

22    leave it up to the Court to add whatever is your

23    decision.

24         THE COURT:  Thank you, Sana.  Thank you.

25    Mr. Gopaul, you wish to add anything?

1          THE DEFENDANT:  I just want to tell Sana,

2     yes, I want to tell Sana I'm sorry for what you went

3     through, what your family, whatever you want to do in

4     life dedication.  Thank you.

5          THE COURT:  I didn't hear what you said.

6     You're sorry for what she's going through?

7          THE DEFENDANT:  Yes.

8          THE COURT:  All right.  As I said before,

9     the jury heard all the evidence in this case and they

10    found you guilty of all 17 counts that was submitted.

11         The sentence I'm about to impose, I'm taking

12    into account all the facts and circumstances of this

13    case, all the evidence.

14         I read the probation report.  I've

15    considered the recommendations made by the People as

16    well as your attorney as well as the statement that

17    you gave here.  As I said before that you left Sana

18    with scars that she has to bear the rest of her life.

19    This abuse went on for a period of years.  It was not

20    one incident.  In fact it went on within two counties,

21    this county and Nassau County.  And you basically

22    ostracized her from the family based upon the fact

23    that she came forward to testify against you to bring

24    these charges against you for the actions that you

25    committed, that the jury found after hearing all the

1    evidence that you committed.  Taking all that into

2    consideration, including the fact that you had no

3    criminal record other than the fact that you had been

4    charged in those two counties for these incidents

5    involving Sana, your stepdaughter, other than that,

6    you have no criminal record, I take that into

7    consideration.  That's what makes the sentence on this

8    case so difficult for the Court.

9           The sentence of the Court is as follows:

10          On the 17th count, endangering the welfare

11   of a child, an A misdemeanor, the sentence of the

12   Court is one year incarceration.

13          On the 16th count, assault in the third

14   degree, an A misdemeanor, the sentence of the Court is

15   one year incarceration.

16          On the 15th count, criminal sexual act in

17   the third degree, an E felony, the sentence of the

18   Court is a determinate sentence of state's prison of

19   three years plus ten years post-release supervision.

20          On the 14th count, criminal sexual act in

21   the third degree, an E felony, the sentence of the

22   Court is a determinate sentence of state's prison of

23   three years plus ten years post-release supervision.

24          On the 13th count criminal sexual act in the

25   second degree, a class D felony, the sentence of the

1    Court is a determinate sentence of state's prison of

2    five years plus ten years of post-release supervision.

3              On the 12th count of criminal sexual act in

4    the second degree, a class D felony, the sentence of

5    the Court is a determinate sentence of state's prison

6    of 5 years plus 10 years of post-release supervision.

7              On the 11th count of criminal sexual act in

8    the second degree, a class D felony, the sentence of

9    the Court is a determinate sentence of state's prison

10   of five years plus ten years post-release supervision.

11             On the tenth count of sexual abuse in the

12   first degree, a class D felony, the sentence of the

13   Court is a determinate sentence of five years plus ten

14   years post-release supervision.

15             On the ninth count of sexual abuse in the

16   first degree, a class D felony, the sentence of the

17   Court is a determinate sentence of five years plus ten

18   years post-release supervision.

19             On the eighth count of sexual abuse in the

20   first degree, again, a class D felony, the sentence of

21   the Court is a determinate sentence of five years plus

22   ten years post-release supervision.

23             On the 7th count of sexual abuse in the

24   first degree, again, a class D felony, the sentence of

25   the Court is a determinate sentence of five years plus

1          ten years post-release supervision.

2                    On the sixth count, sexual abuse in the

3          first degree, a class D felony, the sentence of the

4          Court is a determinate sentence of state's prison of 5

5          years plus 10 years post-release supervision.

6                    On the fifth count, criminal sexual abuse in

7          the first degree, a class B felony, the sentence of

8          the Court is a determinate sentence of state's prison

9          of 18 years plus 10 years post-release supervision.

10                   On the fourth count, criminal sexual abuse

11         in the first degree, a class B felony, the sentence of

12         the Court is a determinate sentence of state's prison

13         of 18 years, plus 10 years post-release supervision.

14                   On the third count, criminal sexual abuse in

15         the first degree, a class B felony, the sentence of

16         the Court is a determinate sentence of state's prison

17         of 18 years, plus 10 years post-release supervision.

18                   On the second count, criminal sexual abuse

19         in the first degree, a class B felony, the sentence of

20         the Court is a determinate sentence of state's prison

21         of 18 years, plus 10 years post-release supervision.

22                   On the first count, criminal sexual act in

23         the first degree, a class B felony, the sentence of

24         the Court is a determinate sentence of state's prison

25         of 18 years plus 10 years post-release supervision.

                                              mse

Proceedings                              23

1           In addition there's a $275 surcharge, $25

2      crimes victims fee, $50 DNA registration fee, all to

3      be taken from inmate funds, all to run concurrent with

4      each other and concurrent with the sentence imposed in

5      Nassau County.

6           I will entertain a signed order of

7      protection if the DA provides one to the Court.

8      Please advise the defendant of his right to appeal.

9           COURT CLERK:  You have a right to appeal to

10     the Appellate Division, Second Department, within

11     thirty days, and, in addition, upon proof of financial

12     inability to retain counsel and to pay the cost and

13     expenses of the appeal, you have the right to apply to

14     the Appellate Division, Second Department, for the

15     assignment of counsel and for leave to prosecute the

16     appeal as a poor person and to dispense with printing.

17          The Appellate Division, Second Department,

18     is located at 45 Monroe Place, Brooklyn, New York

19     11201.

20          I hand you a written copy of your notice of

21     appeal.  Officer, take charge.  Paperwork to follow.

22          MR. BANDELLI:  Again, notice of appeal has

23     been handed over to DA of our intent to file an

24     appeal.

25     CERTIFIED TO BE A TRUE AND ACCURATE TRANSCRIPT.

                              mse

CA# 132-10

1

1    SUPREME COURT OF THE STATE OF NEW YORK

2    COUNTY OF QUEENS:  CRIMINAL TERM, PART TAP D
     -----------------------------------------X
3    THE PEOPLE OF THE STATE OF NEW YORK,    Indictment No.

4                -against-                    2065-2008

5                                            Amended Sentence
     HAROLD GOPAUL,
6
                        Defendant.
7    -----------------------------------------X

8                                September 10, 2010

9                                125-01 Queens Boulevard

10                               Kew Gardens, New York  11415

11

12

13

     B E F O R E :
14            GREGORY L. LASAK,
                           Justice, Supreme Court
15

16

17

18
                                 MINDY S. ELGARTEN
19                               Official Court Reporter

20

21

22

23

24

25

                                 mse

```
 1              COURT CLERK:  Calendar number 2, Harold

 2    Gopaul.

 3              THE COURT:  All right.  The sentence of

 4    September 8th 2010 is being amended to add $50 sex

 5    offender registration fee and $1,000 supplemental sex

 6    offender fee, all to be taken from inmates funds.

 7

 8              *    *    *    *    *    *    *

 9

10    CERTIFIED TO BE A TRUE AND ACCURATE TRANSCRIPT OF THE ORIGINAL

11    STENOGRAPHIC MINUTES TAKEN OF THIS PROCEEDING.

12

13    _____

14              MINDY ELGARTEN
              Official Court Reporter

15

16

17

18

19

20

21

22

23

24

25
```